UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                        )
LINWOOD MCCREARY,                       )
                                        )
              Plaintiff,                )
        v.                              )       Civil Action No. 04-0623 (PLF)
                                        )
LEE R. HEATH, Chief Postal Inspector, et al.,  )
                                        )
              Defendants.               )
                                        )
_____ )
```

OPINION

This matter is before the Court on defendants' motions to dismiss for lack of

subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure and for

failure to state a claim upon which relief can be granted under Rule 12(b)(6).  Upon

consideration of the arguments of the parties and of the entire record of this case, the Court will

dismiss plaintiff's claims against all defendants.

I.  BACKGROUND

From 1978 until 2001, plaintiff Linwood McCreary worked as a Motor Vehicle

Operator ("MVO") for the United States Postal Service ("USPS") at the Curseen-Morris

(formerly Brentwood) General Mail Facility in Washington, D.C.  See Complaint ¶ 7; Opposition

of Plaintiff to Federal Defendants Motion to Dismiss ("Pl's. Opp.") at 17.[1]  MVOs are part of a

---

[1]        The text of the complaint refers to two other "plaintiffs," Joseph R. Mays and
Samuel Sullivan, but neither is listed in the caption and only Sullivan signed the complaint.  See
Memorandum of Points and Authorities in Support of Federal Defendants' Motion to Dismiss
("Fed. Mot. Dism.") at 1 & n.1; Compl. at 1, ¶ 162.  In any event, Mays and Sullivan may not be
considered plaintiffs in this action, because only Mr. McCreary has signed any filing subsequent

collective bargaining unit represented by the American Postal Workers Union ("APWU") and its

chartered local union, the National Capital Southern Maryland Area Local ("Local Union").

Plaintiff has named as defendants William Burrus, president of the APWU; Patricia Johnson,

president of the Local Union; and Raymond Williams, vice president of the Local Union

(collectively, the "Union Defendants").[2]  The relevant Collective Bargaining Agreement

("CBA") negotiated by the APWU covers the period from November 21, 2000 to November 20,

2003.  See McCreary v. Potter, Civil Action No. 02-1986, Memorandum Opinion at 2 (D.D.C.

March 27, 2003).  The bargaining unit consists of USPS employees, including MVOs, in the

clerk, maintenance, and motor vehicle service crafts nationwide.  See Agreement between United

States Postal Service and American Postal Workers Union, AFL-CIO ("CBA") ¶ 1, Ex. B to Fed.

Mot. Dism.  According to the CBA, the APWU acts as the exclusive bargaining representative

for all MVOs employed by the USPS.  See id.  The CBA requires that USPS employees pursue a

three-step grievance review process for complaints against the USPS.  See id. ¶ 15.2.

     While on duty on the night of January 28, 1991, plaintiff was kidnapped and

robbed at gunpoint from the Friendship Heights Post Office in Washington, D.C.  See McCreary

---

to the complaint, and a lay person cannot represent another party in court.  See Georgiades v.
Martin-Trigona, 729 F.2d 831, 834 & n.7 (D.C. Cir. 1984) (citing Herrera-Venegas v. Sanchez-
Rivera, 681 F.2d 41, 42 (1st Cir. 1982) and 28 U.S.C. § 1654).

    [2]     Plaintiff also has named as defendants Lee R. Heath, Chief Postal Inspector of the
United States Postal Inspection Service; Karla Corcoran, Inspector General of the USPS; John
Ashcroft, former Attorney General of the United States; Roscoe Howard, former United States
Attorney for the District of Columbia; and John E. Potter, Postmaster General of United States
(collectively, the "Federal Defendants").  Insofar as Mr. Ashcroft and Mr. Howard are sued in
their official capacities, Attorney General Alberto Gonzales and Unites States Attorney Kenneth
Wainstein have been substituted as named defendants pursuant to Rule 25(d) of the Federal
Rules of Civil Procedure.

v. Potter, Civil Action No. 02-1986, Mem. Op. at 2-3.  On February 6, 2002, plaintiff requested

that the Local Union file a grievance against the USPS for violating the CBA by requiring MVOs

to collect registered mail containing receipts or remittances, unnecessarily placing MVOs in

harm's way.  See id. at 3.  The Local Union filed a class action grievance under the CBA, which

was denied by the USPS under the CBA grievance review process.  See id.  On June 28, 2002,

the APWU took its grievance to arbitration.  See id.  It appears that the arbitration claim is still

pending.

Mr. McCreary already has filed two *pro se* complaints against the USPS and some

of the union defendants in this court, alleging many of the same facts underlying the current

complaint.  See McCreary v. Potter, Civil Action No. 01-1451 (D.D.C. 2001); McCreary v.

Potter, Civil Action No. 02-1986 (D.D.C. 2002).  In the first, plaintiff asserted claims of unjust

enrichment, breach of contract, and race discrimination based on many of the same facts as

alleged in this case.  See McCreary v. Potter, Civil Action No. 01-1451, Complaint ¶¶ 1, 10-15

(June 29, 2001) ("2001 Compl.").  Defendants moved for dismissal on numerous grounds,

including Mr. McCreary's failure to exhaust his remedies under the CBA, and Judge Thomas

Penfield Jackson dismissed plaintiff's complaint with prejudice.  McCreary v. Potter, Civil

Action No. 01-1451, Order (D.D.C. Dec. 3, 2001).  Plaintiff did not appeal Judge Jackson's

decision.

In 2002, plaintiff filed a second complaint against officers of the USPS and

officers of the APWU and the Local Union.  See McCreary v. Potter, Civil Action No. 02-1986,

Mem. Op. at 3.  Plaintiff alleged there, as he does here, that the USPS breached the CBA and

federal law by subjecting him to the unsafe practice of transporting remittances and receipts and

3

failing to compensate him appropriately for this additional hazard.  See id. at 2-3; Fed. Mot.

Dism. at 3.  The complaint also claimed that the APWU inadequately represented plaintiff during

the grievance proceedings.  McCreary v. Potter, Civil Action No. 02-1986, Mem. Op. at 10.  In a

Memorandum Opinion issued on March 27, 2003, Judge Rosemary Collyer, citing the pending

arbitration of a class action grievance as proof that Mr. McCreary had not exhausted his

contractual remedies as required in the CBA, dismissed plaintiff's claims as premature pursuant

to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  See id. at 12.  Judge Collyer also

dismissed with prejudice claims against union officials (and current defendants) Burrus and

Johnson because  "[union] officers may not be sued for the Unions' alleged breach of the duty of

fair representation."  Id.

   Plaintiff's current complaint, as supplemented by his response to the Union

Defendants' Motion for More Definite Statement, appears to assert claims of unjust enrichment

and *quantum meruit* against the USPS, as well as federal claims arising from an alleged

conspiracy to deprive plaintiff and other postal workers of their civil rights.  Plaintiff claims that

the USPS and the APWU conspired and continue to conspire to underpay USPS employees for

their work, to expose them to great danger on the job, and to discriminate against them in

violation of 42 U.S.C. §§ 1985, 1986, and 1988.  See Pl's. Opp. at 5.[3]  As against the federal

defendants, plaintiff claims that the Attorney General and the United States Attorney for the

---

   [3] Plaintiff cannot state a claim under 42 U.S.C. § 1988.  That section defines the
procedures which must be followed to obtain remedies in civil rights cases; it creates no
independent cause of action.  See Hairston v. District of Columbia, 638 F. Supp. 198, 206
(D.D.C. 1986); Lamont v. Forman Bros., 410 F. Supp. 912, 918 (D.D.C. 1976).

District of Columbia improperly failed to prosecute his grievance against the USPS.  See id. at 30.

The federal defendants move to dismiss the complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing that plaintiff has failed to exhaust his administrative remedies with respect to some claims, and that plaintiff's other claims already were litigated before Judge Jackson and Judge Collyer and therefore are barred by *res judicata.* See Fed. Mot. Dism. at 4-9.  The federal defendants also argue that the Attorney General and United States Attorney are immune from any civil suit arising from their exercise of prosecutorial discretion.  See Federal Defendants' Reply to Plaintiff's Opposition to Federal Defendants' Motion to Dismiss at 6-8.  The union defendants argue that plaintiff has failed to state a claim for unjust enrichment or *quantum meruit* against them, and has also failed to state a claim for conspiracy to deprive plaintiff and others of their civil rights under 42 U.S.C. § 1985 or 42 U.S.C. § 1986.  See Motion to Dismiss, or in the Alternative Motion for a More Definite Statement, of Defendants William Burrus, Patricia Johnson, and Raymond Williams ("Union Mot. Dism.") at 8-11.  The union defendants also argue that any other potential claim should be dismissed for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  See id. at 12.

On April 22, 2005, in response to a deluge of "duplicative, unduly voluminous, and hyperbolic filings" by plaintiff, the Court granted the union and federal defendants' parallel motions for the imposition of filing restrictions, barring plaintiff from filing any further motions without leave of Court.  See Memorandum Opinion and Order (April 22, 2005).  Plaintiff

nonetheless filed four additional documents, which were stricken from the record by Order of the

Court.  See Order (June 14, 2005).

## II.   DISCUSSION

### A.   *Motions to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6)*

On a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

Procedure, the Court must assume the truth of the facts alleged in the complaint, and may grant

the motion only if it appears beyond doubt that the complainant will be unable to prove any set of

facts that would justify relief.  Summit Health, Ltd. v. Pinhas, 500 U.S. 322, 325 (1991); Conley

v. Gibson, 355 U.S. 41, 45-46 (1957); Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002);

Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987).  The complaint is construed

liberally in plaintiff's favor, and the Court should grant plaintiff the benefit of all inferences that

can be derived from the facts alleged.  Kowal v. MCI Communications Corp., 16 F.3d 1271,

1276 (D.C. Cir. 1994); accord Andrx Pharms. v. Biovail Corp. Int'l, 256 F.3d 799, 805 (D.C.

Cir. 2001).  Nonetheless, the Court need not accept factual inferences drawn by the complainant

if those inferences are not supported by facts alleged in the complaint, nor must the Court accept

the complainant's legal conclusions.  See National Treasury Employees Union v. United States,

101 F.3d 1423, 1430 (D.C. Cir. 1996);  Kowal v. MCI Communication Corp., 16 F.3d at 1276.

*Pro se* complaints are held to a less stringent standard than complaints drafted by

attorneys.  See Amiri v. Hilton Washington Hotel, 360 F. Supp.2d 38, 41-42 (D.D.C. 2003); see

also Gray v. Poole, 275 F.3d 1113, 1116 (D.C. Cir. 2002).  A *pro se* plaintiff's inferences,

however, "need not be accepted 'if such inferences are unsupported by the facts set out in the

complaint.  Nor must the court accept legal conclusions in the form of factual allegations.'"

Caldwell v. District of Columbia, 901 F. Supp. 7, 10 (D.D.C. 1995) (quoting Henthorn v. Dept.

of Navy, 29 F.3d 682, 684 (D.C. Cir. 1994)).  "'A *pro se* complaint, like any other, must state a

claim upon which relief can be granted by the court.'"  Id. (citing Crisafi v. Holland, 655 F.2d

1305, 1308 (D.C. Cir. 1981)).

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the plaintiff bears

the burden of establishing that the Court has subject matter jurisdiction.  See Rosenboro v. Kim,

994 F.2d 13, 17 (D.C. Cir. 1993); District of Columbia Retirement Bd. v. United States, 657 F.

Supp. 428, 431 (D.D.C. 1987).  Although a district court may dispose of a motion to dismiss on

the basis of the complaint alone, a court may consider materials beyond the pleadings when

evaluating a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).  See

Herbert v. National Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992) ("[W]here

necessary, the court may consider the complaint supplemented by undisputed facts evidenced in

the record, or the complaint supplemented by undisputed facts plus the court's resolution of

disputed facts.").

### B.  *Quantum Meruit/Unjust Enrichment*

Plaintiff asserts claims of unjust enrichment and *quantum meruit* against the

USPS, alleging that he was never appropriately compensated for the services he performed while

in the employ of the USPS.  <u>See</u> Compl. ¶ 501; Pl's. Opp. at 26-27.[4]  The federal defendants

correctly argue that these claims are barred by *res judicata*.

Under the doctrine of *res judicata*, "the parties to a suit and their privies are bound

by a final judgment and may not relitigate any ground for relief which they already have had an

opportunity to litigate – even if they chose not to exploit that opportunity – whether the initial

judgment was erroneous or not."  <u>Hardison v. Alexander</u>, 655 F.2d 1281, 1288 (D.C. Cir. 1981).

A final judgment in one action "bars any further claim based on the same 'nucleus of facts,' for

'it is the facts surrounding the transaction or occurrence which operate to constitute the cause of

action, not the legal theory upon which a litigant relies.'"  <u>Page v. United States</u>, 729 F.2d 818,

820 (D.C. Cir. 1984) (quoting <u>Expert Elec., Inc. v. Levine</u>, 554 F.2d 1227, 1234 (D.C. Cir.), <u>cert.</u>

<u>denied</u>, 434 U.S. 903 (1977)).  Application of the doctrine requires an identity of claims and

parties between the earlier and later suits.  <u>See</u> <u>Sherwin v. Dep't of the Air Force</u>, 955 F. Supp.

140, 142-43 (D.D.C. 1997).

Plaintiff asserted a claim of unjust enrichment against the USPS in his 2001

complaint.  <u>See</u> 2001 Compl. ¶ 15.  The claim arose from plaintiff's allegations that the USPS

had subjected him to the unsafe practice of transporting remittances and receipts, and had failed

to compensate him duly for this additional hazard.  <u>See</u> <u>id</u>.  Judge Jackson dismissed this claim

with prejudice on December 3, 2001.  <u>See</u> <u>McCreary v. Potter</u>, Civil Action No. 01-1451, Order

(Dec. 3, 2001).  The unjust enrichment and *quantum meruit* claims in the current complaint are

---

[4]      Plaintiff also attempts to assert unjust enrichment and *quantum meruit* claims
against the APWU.  <u>See</u> Pl's. Opp. at 10.  Neither the APWU nor the Local Union, however, has
ever been served with process or properly joined as a defendant in this action.

based on exactly the same allegations.  As the parties also are identical, plaintiff is precluded

from relitigating these claims in this action.[5]

### C.  Conspiracy

Plaintiff also claims that the USPS and APWU (among others) have conspired to

deprive him and other postal workers of their constitutional rights in violation of 42 U.S.C.

§§ 1985 and 1986.  See Compl. ¶¶ 502-35.[6]  He alleges that in retaliation for a strike by postal

workers, President Nixon instigated a conspiracy with the United States Post Office Department

(the predecessor of the USPS) and the APWU.  See Compl. at 1-6, ¶¶ 500, 512, 517, 522.

Plaintiff alleges that the Postal Reorganization Act of 1970, 39 U.S.C. §§ 101 *et seq.*, which

provided for the replacement of the U.S. Post Office Department by the USPS, was never

implemented and that the existence of the USPS is a fraud.  See Compl. at 4.  He alleges that the

APWU is not a labor organization, but rather a "secret agent" of the U.S. Post Office Department

appointed to depress employee wages and place employees in harm's way.  See id. ¶¶ 187, 207,

252, 261, 453.  Plaintiff contends that the APWU, the Post Office Department, and Postal

Inspectors have entered into a secret contract whereby the APWU, not the USPS, transports

---

[5]      Plaintiff also captions a portion of his complaint "Breach of Contract," although the Court is unable to divine from the complaint what contract was allegedly breached, and how. See Compl. ¶¶ 536-48.  To the extent that plaintiff alleges breach of the CBA by the USPS, however, *res judicata* also bars this claim, which has twice been dismissed – once by Judge Jackson on grounds unclear from the record, and once by Judge Collyer because plaintiff had failed to exhaust his administrative remedies.  See McCreary v. Potter, Civil Action No. 02-1986, Mem. Op. at 12.

[6]      Because plaintiffs' conspiracy claims are based on allegations not relevant to the claims asserted in plaintiffs' first two complaints – specifically, the existence of a conspiracy predating plaintiff's employment by the USPS – these claims are not necessarily barred by *res judicata*.

certified mail using Postal employees, specifically MVOs, even though this task is not listed in

their job description.  See id. ¶¶ 134, 173, 149, 501, 303, 306.  Although plaintiff does not name

them as defendants, the complaint also implicates the National Labor Relations Board, the Merit

Systems Protection Board, and the Equal Employment Opportunity Commission in this

conspiracy which, he alleges, has resulted in low wages and many on-the-job deaths.  See id.

¶¶ 224, 252, 271, 327.

   An essential element of any conspiracy claim is the existence of some actual

conspiracy.  See 42 U.S.C. § 1985; Halberstam v. Welch, 705 F.2d 472, 477 (D.C. Cir. 1983)

(describing elements of civil conspiracy claim); Graves v. United States, 961 F. Supp. 314,

319-20 (D.D.C. 1997) (enumerating elements of various types conspiracy claims under 42 U.S.C.

§ 1985).  In the civil context, a conspiracy is a "'combination of two or more persons acting in

concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal

element of which is an *agreement* between the parties to inflict a wrong against or injury upon

another, and an overt act that results in damage.'"  Brady v. Livingood, 360 F. Supp.2d 94, 104

(D.D.C. 2004) (quoting Graves v. United States, 961 F. Supp. at 320) (emphasis in original).  To

survive a motion to dismiss, a plaintiff must set forth more than just conclusory allegations of an

agreement.  See Brady v. Livingood, 360 F. Supp.2d at 104 (citing Graves v. United States, 961

F. Supp. at 321 (dismissing claim where plaintiff merely alleged that his former employer

"colluded" with the Department of Education to keep him underemployed, without putting forth

"any facts showing the existence or establishment of an agreement") and Estate of Phillips v.

District of Columbia, 257 F. Supp.2d 69, 83 (D.D.C. 2003) (dismissing conspiracy claim where

plaintiffs failed to specify how the defendants "acted in concert")).

Plaintiff's 162-page complaint fails to allege the existence of any events, conversations, or documents indicating that there was ever an agreement or "meeting of the minds" between any of the defendants to keep him underemployed because of his membership in a protected class.  Instead, plaintiff repeatedly makes the conclusory statement that a conspiracy exists and surmises that all negative events related to his job occurred as a result of the conspiracy.  See, e.g., Compl. ¶¶ 257, 512, 517, 522, 527, 531.[7]  Plaintiff has failed to plead facts from which the Court could infer that any conspiracy exists between the USPS and the APWU.

Plaintiff also has failed to allege another essential element of a conspiracy claim under 42 U.S.C. § 1985(3).[8]  Section 1985(3) requires the allegation of some class-based, invidiously discriminatory animus behind the co-conspirators' actions.  United Bhd. of Carpenters and Joiners of America v. Scott, 463 U.S. 825, 835 (1983).  This requirement is to be read narrowly to avoid converting Section 1985 into general federal tort law.  See Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993).

The complaint does not allege that the defendants conspired to deprive plaintiff and others of constitutional and Federal statutory rights because of racial or other invidious class-based motivation.  Rather, plaintiff alleges that the conspiracy sought to afford favorable

---

[7]      Plaintiff's brief in opposition to the Federal Defendants' motion to dismiss is telling:  instead of alleging specific events which constitute the conspiracy, plaintiff merely concludes that a "secret national agreement" exists and emphasizes that "this is a conspiracy case."  See Pl's. Opp at 16, 19, 21.  Plaintiff attempts to be far more specific in describing the facts and legal authority underlying his other claims.

[8]      Although plaintiff does not specify which subsection of 42 U.S.C. § 1985 he seeks to invoke, subsections (1) and (2) clearly are inapplicable, because plaintiff has alleged neither a conspiracy to prevent a government officer's discharge of her official duties, nor a conspiracy to obstruct justice by intimidating a party, witness, or juror in a judicial proceeding.  See 42 U.S.C. § 1985(1), (2).

treatment to certain types of postal employees (such as window clerks, postal police, and

employees in the mail handler craft) at the expense of others (including automation clerks and

MVOs).  See, e.g., Compl. ¶¶ 134, 173-74, 253-57, 501.  Favoring employees in certain

vocations over those in others simply is not the sort of "invidiously discriminatory animus" that

can support a claim under Section 1985(3).  See Bray v. Alexandria Women's Health Clinic, 506

U.S. at 269.  Plaintiff has failed to provide anything other than conclusory allegations of

conspiracy and has failed to allege that any conspiracy was the result of a race-based animus, and

therefore has failed to state a claim upon which relief can be granted.

Consequently, the Court dismisses plaintiff's conspiracy claims under 42 U.S.C.

§ 1985(3) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  And because the

complaint fails to state a claim under Section 1985, plaintiff also cannot make out a claim under

42 U.S.C. § 1986.  See Thomas v. New World Communications, 681 F. Supp. 55, 72 (D.D.C.

1988) (plaintiff cannot state claim under 42 U.S.C. § 1986 unless he can state valid claim under

42 U.S.C. § 1985); see also McCalden v. California Library Ass'n, 955 F.2d 1214 (9th Cir.

1990), cert. denied, 504 U.S. 957 (1992); Herbin v. Hoeffel, 2000 WL 621304, *1 (D.C. Cir.

2000) (citing Dowsey v. Wilkins, 467 F.2d 1022, 1026 (5th Cir. 1972)).[9]

------

[9]      Section 1986 provides a cause of action against anyone who neglects to prevent
the wrongs delineated in Section 1985 if the individual had knowledge of the wrongs and had the
power to stop those wrongs.  42 U.S.C. § 1986; see also Miam v. Donaldson, Lufkin & Jenrette
Securities Corp., 7 F.3d 1085 (2nd Cir. 1993); Thomas v. New World Communications, 681 F.
Supp. at 72.

*D.  Failure to Prosecute*

Plaintiff also claims that United States Attorney General John Ashcroft and

United States Attorney Roscoe Howard improperly failed to prosecute his grievance against the

USPS.  See Pl's. Opp. at 5-7.  Specifically, plaintiff alleges that despite the Attorney General's

knowledge of defendants' actions and his supervisory authority over defendants, the Attorney

General failed to prevent the continuing conspiracy and fraud that has resulted in the irreparable

harm of a violation of plaintiff's rights under the Fifth and Thirteenth Amendments to the United

States Constitution.  Id. at 30-31.

An agency's refusal to take a particular enforcement action, however, is uniquely

not susceptible to judicial review:

> This Court has recognized on several occasions over
> many years that an agency's decision not to
> prosecute or enforce, whether through civil or
> criminal process, is a decision generally committed
> to an agency's absolute discretion.  This recognition
> is attributable in no small part to the general
> unsuitability for judicial review of agency decisions
> to refuse enforcement.

Heckler v. Chaney, 470 U.S. 821, 831 (1985) (internal citations omitted); Jones v. Office of the

Comptroller of Currency, 983 F. Supp. 197, 203 (D.D.C. 1997).  Admittedly, there are

constitutional constraints on the exercise of this discretion, and the government, even in its broad

discretion, may not prosecute or otherwise enforce the law in an arbitrary fashion or based on

race, religion, or other constitutionally impermissible bases.  See United States v. Armstrong,

517 U.S. 456, 464 (1996); Oyler v. Boles, 368 U.S. 448, 456 (1962).  Plaintiff has not, however,

alleged that the federal defendants' decision not to bring an enforcement action against the USPS

13

was driven by a constitutionally impermissible motive.  Accordingly, plaintiff has stated no claim against the federal defendants for their failure to bring an enforcement action against the USPS. See Branch Ministries, Inc. v. Richardson, 970 F. Supp. 11, 15-16 (D.D.C. 1997) (government enforcement actions presumptively carried out with regularity and in good faith).[10]

Although plaintiff purports to bring his "failure to prosecute" claim against former Attorney General John Ashcroft, former United States Attorney Roscoe Howard, Postmaster General John E. Potter, and Chief Postal Inspector Lee Heath in their individual capacities, as well, see Compl. at ¶¶ 7-39, such claims also are barred.  Prosecutors and agency officials performing functions analogous to those of prosecutors enjoy absolute personal immunity from civil suits arising from acts or omissions in these capacities.  See Butz v. Economou, 438 U.S. 478, 515 (1978); Imbler v. Pachtman, 424 U.S. 409, 427-28 (1976); Gray v. Poole, 243 F.3d 572, 575-77 (D.C. Cir. 2001); Schrob v. Catterson, 948 F.2d 1402, 1411-12 (3d. Cir. 1991) (absolute immunity is extended to officials when their duties are functionally analogous to those of a prosecutor, regardless of whether those duties are performed in the course of a civil or criminal action).  Because plaintiff's claims go specifically to these individuals' exercise of their prosecutorial functions, they are completely barred, and plaintiff cannot state a claim against these individuals in their individual capacities.

---

[10]     As discussed, plaintiff also cannot assert a claim under 42 U.S.C. § 1986 based on the federal defendants' alleged failure to end the alleged conspiracy, because the complaint fails to state a claim for the conspiracy itself under 42 U.S.C. § 1985.

III.   NON-DISPOSITIVE MOTIONS

The parties also have filed several non-dispositive motions which the Court now addresses.

The Court denies plaintiff's "Motion for Imposition of Arbitrator Christopher E. Mile's Final Binding Decision - the Merit Systems Protection Board Decision and This Court's Decision."  In addition to not being binding on this Court, the arbitration decision to which the motion refers is unrelated to plaintiff's present claims.  Rendered in 1999, it held merely that an MVO named Garfield Thomas did not have to comply with a procedurally defective demand letter issued by the USPS.  The case has no relevance to Mr. McCreary's claim.

Plaintiff also has moved to strike Exhibit F to the government's reply in support of its motion to dismiss, a Pre-EEO Complaint Counseling Information Form filled out and signed by Mr. McCreary on June 18, 2001.  Plaintiff appears to argue that because the form also was filed by the government in plaintiff's 2001 litigation before Judge Jackson, when the form was accompanied by another exhibit, the declaration of a "Rose Carter-Melson," admitting the form in this proceeding without also admitting the Carter-Melson declaration (which neither party has submitted in this litigation) violates plaintiff's constitutional right to cross-examine witnesses against him.  This argument is without merit, and the Court denies plaintiff's motion.

The union defendants have filed motions to strike two of plaintiff's filings.  They argue that plaintiff's third motion for summary judgment and his "Motion for Imposition of Arbitrator Christopher E. Miles' Final Binding Decision" (which they characterize as a fourth motion for summary judgment) are duplicative and harassing.  The Court denies plaintiff's latter

15

motion for the reasons just stated; it denies the former motion in light of its decision to dismiss the complaint.  Consequently, it denies as moot defendants' motions to strike.

The dismissal of the complaint also renders moot most of the other pending non-dispositive motions in this case.

## IV.  CONCLUSION

The Court holds that plaintiff's unjust enrichment and *quantum meruit* claims are barred by *res judicata*, that plaintiff's complaint fails to allege facts sufficient to state a conspiracy claim under either 42 U.S.C. § 1985 or 42 U.S.C. § 1986, that the federal defendants' decision not to institute an enforcement action against the USPS or APWU is unreviewable, and that the responsible officials also are immune from personal liability for that decision. Accordingly, the Court grants defendants' motions and will dismiss the complaint.

In so holding, the Court reiterates Judge Collyer's admonition that if Mr. McCreary is not satisfied with the Court's decision, the proper course of action is to pursue an appeal to the United States Court of Appeals for the District of Columbia Circuit, not to file another complaint in this Court.  See McCreary v. Potter, Civil Action No. 02-1986, Mem. Op. at 12 & n.8.  Plaintiff may not be satisfied with the outcome of this litigation, but he has had his days in court.  Further litigation of the claims against the same parties, and based on the same facts, justifiably will be barred by *res judicata*.  See Hardison v. Alexander, 655 F.2d at 1288 (doctrine of *res judicata* is intended to "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and [] prevent serial forum-shopping and piecemeal litigation.").

An Order consistent with this Opinion shall issue this same day.


/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: September 26, 2005